**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 26, 2016

LETTER TO COUNSEL

    RE:    *Sheila Manigo v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-1065

Dear Counsel:

    On April 14, 2015, Plaintiff Sheila Manigo petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 16). In addition, I have reviewed the Commissioner's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015), and the Plaintiff's response thereto.[1] (ECF Nos. 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    In 2011, Ms. Manigo protectively filed her claims for benefits, alleging a disability onset date of November 15, 2008. (Tr. 17). Her claims were denied initially and on reconsideration. (Tr. 78-99, 102-09). A hearing was held on November 15, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 36-57). Following the hearing, the ALJ determined that Ms. Manigo was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-30). The Appeals Council denied Ms. Manigo's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

    The ALJ found that Ms. Manigo suffered from the severe impairments of diabetes mellitus, hypertension, high cholesterol, bipolar disorder, major depression, degenerative disk disease of the lumbar spine, and obesity. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Manigo retained the residual functional capacity ("RFC") to:

---

[1] The parties were notified of the potentially relevant ruling in *Fox* in a letter order dated January 4, 2016. (ECF No. 17). The letter order provided the Commissioner thirty days to determine whether consent remand was required under *Fox*, or whether she instead wished to file supplemental briefing addressing the apparent *Fox* issue. The Commissioner filed her supplemental brief on February 3, 2016, (ECF No. 18), and Ms. Manigo timely filed her response on February 17, 2016. (ECF No. 19).

*Sheila Manigo v. Commissioner, Social Security Administration*
Civil No. SAG-15-1065
February 26, 2016
Page 2

> perform sedentary work as defined in 20 CFR 404.1567(b)[2] and 416.967(b) except the claimant requires a sit/stand option, occasional bending, stooping, crouching, crawling, never climbing ladders, ropes or scaffolds; simple routine repetitive tasks, 1 or 2 step tasks; occasional interaction with co-workers and supervisors, not public.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Manigo could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 29-30).

Ms. Manigo raises two primary arguments on appeal: (1) that the ALJ's analysis was deficient under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ did not adequately consider the opinion of her treating physician, Dr. Yossif. While I disagree with Ms. Manigo's argument about Dr. Yossif's opinion because I believe the ALJ adequately considered his opinions and explained his reasoning, I concur that the ALJ's analysis was deficient under *Mascio*. Accordingly, remand is appropriate. In so determining, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Manigo was not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§

---

[2] The ALJ's reference to subsection "b" of each regulation appears to be an error. Sedentary work is defined in subsection "a." The error should be corrected on remand, if a similar RFC assessment is determined.

404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

In this case, the ALJ found:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant reported looking for work, calling former employers and completing job applications. She maintains the ability to focus on tasks. (Exhibit 17F). Claimant She [sic] admitted in the records that she attends movies and church, which suggest better than the marked limitations she claims. She admitted at the hearing that she did not stop smoking marijuana until August 2013, which may explain some of her difficulties in focus.

(Tr. 20). Most of that paragraph in fact suggests mild or no, instead of moderate, limitations in concentration, persistence, or pace. The ALJ imposed no specific concentration-related limitations in the RFC assessment. (Tr. 21).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio,* 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, as in *Mascio*, the ALJ did not explain how the restriction of Ms. Manigo's RFC to "simple routine repetitive tasks, 1 or 2 step tasks" accounts for the finding of "moderate difficulties" in concentration, persistence, or pace. In fact, there is nothing in the ALJ's step three explanation to suggest why the ALJ found Ms. Manigo to have "moderate difficulties" in the first place, instead of mild or no difficulties.[3] Ultimately, then, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Manigo to have moderate difficulties in concentration, persistence, and pace, what the basis for that belief would be, and whether there is support in the medical evidence for the fact that any such difficulties did not require further limitations in her RFC assessment. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

I have also considered the impact of the Fourth Circuit's recent ruling in *Fox,* but have concluded that *Fox* does not provide an independent basis for remand in this case. In *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding at step three of the sequential evaluation. Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). Listings 1.00 *et. seq.* through Listings 11.00, *et. seq.*, Listings 13.00 *et. seq.*, and Listings 14.00 *et. seq.*, pertain to physical impairments. Each physical impairment listing contains a set of signs or objective medical findings which must be present for the claimant's impairment to meet the listing. As noted above, Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations. (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

---

[3] In fact, subsequent analysis in the opinion leads further credence to the notion that the ALJ's finding should have been "mild" or "no" limitation. *See* (Tr. 28) (citing evidence that "the claimant can follow simple instructions, with good attention and concentration" and that "her ability to sustain concentration and persistence and interact socially are within normal limits").

2015 WL 9204287 at *4. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the identified disability listings and "offered nothing to reveal *why* he was making his decision." *Radford*, 734 F.3d at 295 (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. 2015 WL 9204287, at *4. Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* at *4-*5. The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.* at *4.

This case is distinguishable. The ALJ appropriately applied the special technique for evaluation of mental impairments to the identified mental health listing, 12.04. (Tr. 20-21). Thus, there is no deficiency in that analysis. With respect to Ms. Manigo's physical impairments, under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel,* 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler,* 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel,* 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). While *Fox* provided a new standard for the analysis that must be present after a listing has been identified, it did not alter existing law with respect to the criteria for identifying a listing in the first instance. Here, the record does not contain ample evidence to suggest that any particular listing has been met. Therefore, the opinion does not contravene *Fox.*[4]

For the reasons set forth herein, Ms. Manigo's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

[4] The Commissioner also argues that *Fox* is not binding precedent because it is not a published decision. (ECF No. 18 at 1). While this is true, *Fox* is nevertheless indicative of how the Fourth Circuit would likely rule in an analogous case, as it did in its recent decision in *Brown v. Colvin*, __ Fed. App'x __, 2016 WL 502918 (4th Cir. Feb. 9, 2016). In *Brown*, the Court was presented with a similar step three analysis and echoed its reasoning from *Fox* and *Radford,* 734 F.3d at 295. Specifically, the *Brown* Court stated "[W]e do not accept Brown's and the Commissioner's invitations to review the medical record *de novo* to discover facts to support or refute the ALJ's finding at Step Three, and it was error for the district court to do so." 2016 WL 502918, at *2.

*Sheila Manigo v. Commissioner, Social Security Administration*
Civil No. SAG-15-1065
February 26, 2016
Page 6

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                        Sincerely yours,

                        /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge